**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD JONES, | : CIVIL ACTION |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| NATIONAL RAILROAD PASSENGER | : |
| CORPORATION (AMTRAK), | : |
| | : |
| Defendant. | :   NO. 06–04739 |

**AMENDED COMPLAINT**

**PARTIES AND JURISDICTION**

1. Plaintiff, Ronald Jones, is an African American who now is, and at all times relevant to this action was, a citizen and resident of Pennsylvania.

2. From February of 1973 until May of 2006, Mr. Jones was an employee of the National Railroad Passenger Corporation ("Amtrak").

3. Defendant Amtrak now is, and at all times relevant to this action was, a corporation doing business in the Judicial District of this Court.

4. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1343 since this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

5. Venue is proper as to all counts under 28 U.S.C. § 1391 since the defendant resides in this Judicial District.

6. Prior to bringing this action, plaintiff exhausted the appropriate administrative

remedies.

## **BACKGROUND**

7. Plaintiff incorporates Paragraphs 1-6 herein by reference.

8. In 2002 other black Amtrak employees and plaintiff filed a charge of race discrimination against Amtrak with the E.E.O.C., and in 2003 they filed a lawsuit against Amtrak for race discrimination and retaliation.

9. In August of 2005, plaintiff was suspended for three days without pay, allegedly for attendance problems.

10. Similarly situated White employees with attendance problems like his were not disciplined as severely as plaintiff was for such attendance problems.

11. In April of 2006, plaintiff filed a charge of racial discrimination and retaliation against Amtrak based in part on the suspension described above, and subsequently filed a lawsuit against Amtrak for race discrimination and retaliation related to that suspension.

12. In May of 2006, Amtrak terminated plaintiff 's employment, claiming that it was discharging him for violating its attendance policy.

13. Similarly situated White employees with attendance problems like his were not disciplined as severely as plaintiff was for such attendance problems.

14. As a proximate result of the actions of defendant described above, plaintiff has suffered a loss of earnings, severe mental and emotional distress, great diminution of the enjoyment of the pleasures of life, great harm to his reputation, and great embarrassment and humiliation; and, in all likelihood, he will continue to suffer in these

2

ways in the future.

## **COUNT I**
### (Race Discrimination)

15. Plaintiff incorporates Paragraphs 1-14 herein by reference.

16. By taking the actions described above, Amtrak discriminated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

WHEREFORE, plaintiff respectfully requests that this Honorable Court:

a) enter judgment in his favor and against  defendant for compensatory damages in an amount in excess of $150,000.00;

b) direct defendant to reimburse him for all costs and expenses, including reasonable attorney's fees, incurred in connection with this action; and

c) grant him such other and further relief as may be just and proper.

## **COUNT II**
### (Retaliation)

17. Plaintiff incorporates Paragraphs 1-14 herein by reference.

18. As a result of the protected activities by plaintiff described above, defendant retaliated against him by suspending him without pay and then discharging him from employment.

19. Defendant's retaliatory acts against plaintiff were perpetrated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

WHEREFORE, plaintiff respectfully requests that this Honorable Court:

a) enter judgment in his favor and against  defendant for compensatory damages in an amount in excess of $150,000.00;

b) direct defendant to reimburse him for all costs and expenses, including reasonable attorney's fees, incurred in connection with this action; and

c) grant him such other and further relief as may be just and proper.

HD1118_____
H. Francis deLone, Jr.
Attorney I.D. #35253
PO Box 361
Wayne, PA  19087-0361
(610) 293-9749
hdelonejr@msn.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action raised herein.

HD1118_____
H. Francis deLone, Jr.

DATED: February 6, 2007